UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 AUG 29  AM 11: 52

CLERK
BY_____
DEPUTY CLERK

LONG TRAIL BREWING COMPANY,    )
                               )
                Plaintiff,     )
                               )
        vs.                    )        Civil Action No. 1:14·cv·186
                               )
BENT PADDLE BREWING COMPANY,   )        JURY TRIAL DEMANDED
                               )
                Defendant.     )
_____)

## COMPLAINT

Plaintiff, Long Trail Brewing Company ("Long Trail"), for its Complaint against the

Defendant, Bent Paddle Brewing Company ("Bent Paddle"), alleges and states:

### INTRODUCTION

1.      This is an action at law and in equity for trademark infringement and dilution, trade

dress infringement and dilution, unfair competition, and deceptive trade practices arising under the

Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2004) ("Lanham Act"), and the common law.

2.      Bent Paddle is manufacturing, offering for sale and selling beer utilizing

confusingly similar imitations of Long Trail's distinctive registered trademark and trade dress.

Bent Paddle's beer is not manufactured by Long Trail, nor is Bent Paddle connected or affiliated

with, or authorized by, Long Trail in any way.   Bent Paddle's merchandise is likely to cause

confusion and to deceive consumers and the public regarding its source, and dilutes the distinctive

quality of Long Trail's famous and valuable trademark.

**PARTIES AND JURISDICTION**

3.      Long Trail is a corporation duly formed and existing under the laws of the State of Vermont and having its principal place of business in Bridgewater Corners, Vermont.

4.      Bent Paddle is a corporation formed and existing under the laws of the State of Minnesota and having a principal place of business at 1912 W. Michigan Street, Duluth, Minnesota.

5.      This Court has jurisdiction of the subject matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, in that it arises under the trademark laws of the United States and the law of unfair competition and is brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (c), and the common law of trademark infringement, unfair competition and deceptive trade practices.

6.      This Court has personal jurisdiction over Bent Paddle in that Bent Paddle conducts business in the State of Vermont by placing goods, including the products at issue in this action, in the stream of commerce with knowledge that they may be sold in Vermont, because said goods have been shipped to Vermont, and because Bent Paddle has engaged in acts which have caused damage to Long Trail in Vermont.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     For a quarter of a century, Long Trail has been a leader in the competitive business of craft brewing.   Long Trail is, and it has been since it was founded in 1989, engaged in the business of selling high-quality beers, food, apparel, and other products.   Long Trail is among the top 25 largest craft brewing companies in the United States, based upon 2013 sales volume.

**The Long Trail Hiker Logo**

9.     Long Trail developed a distinctive logo design depicting a silhouette of a person hiking while wearing a backpack and carrying a walking stick or hiking pole (the "Hiker Logo").   Long Trail has continuously used the Hiker Logo for many years to identify its beers and ales, and distinguish them from the products of other brewers.

10.     The Long Trail products are well known and enjoy a reputation for high quality, which is symbolized by the Hiker Logo.

11.     Long Trail expends and has expended a substantial amount of money using, advancing, promoting and advertising the Hiker Logo on beer and other products.   As a result of these expenditures and the reputation of Long Trail's products, the Hiker Logo has attained substantial goodwill in the marketplace.   Long Trail's Hiker Logo is well-known and famous, and has been for many years.

12.     As a result of Long Trail's substantial sales, advertising, promotion and publicity, and through favorable industry acceptance and recognition, the Hiker Logo has become an asset of incalculable value as a symbol of Long Trail, its quality products and goodwill.

13.     Long Trail was awarded and is the owner of U.S. Federal Trademark Registration No. 3,449,368, for the Hiker Logo, for beer and ale.   Affidavits have been filed pursuant to

Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is

incontestable.   A copy of the Certificate of Registration for this mark is attached as Exhibit A.

The form of the Hiker Logo depicted in the registration is shown below:



14.     Long Trail was awarded and is the owner of U.S. Federal Trademark Registration

No. 2,015,088, registered November 12, 1996 for the trademark "Take a hike! The Long Trail

Family of Fine Ales" which incorporates the Hiker Logo.   Affidavits have been filed pursuant to

Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is

incontestable.   A copy of the Certificate of Registration for this mark is attached as Exhibit B.

15.     Long Trail also owns numerous additional registrations for trademarks which

incorporate the Hiker Logo, including U.S. Reg. Nos. 2,108,808; 2,113,981; 3,262,988;

3,579,698; 3,642,339; 3,649,390; and 3,712,653.   Copies of these registrations are attached as

Exhibit C, Nos. 1-7.

16.     Long Trail's aforesaid registrations are valid, subsisting and remain in full force

and effect.

4

**The Long Trail Trade Dress**

17.    At substantial cost, Long Trail has created a unique and distinctive trade dress for its beer sold as LONG TRAIL ALE which features a theme of hiking on a trail (the "LTA Trade Dress").   The LTA Trade Dress as used on cans is depicted below:



18.    As a result of Long Trail's extensive use and promotion of its LTA Trade Dress, it has built up and now owns valuable goodwill that is symbolized by the trade dress.   The purchasing public has come to associate the LTA Trade Dress with Long Trail.

19.    The LTA Trade Dress is inherently distinctive and there is no legitimate reason for any other brewer of beer to copy or simulate the trade dress.

**Bent Paddle Brewing and its Infringing Activities**

20.     Upon information and belief, Bent Paddle was launched publicly in May 2013 and manufactures and markets beer and ale.

21.     Sometime in mid-2014 Bent Paddle introduced to the market beer products that it has denoted as part of a "Trail Series."   These include beers named DAYPACK and PADDLE BREAK BLONDE.

22.     Long Trail has no connection or affiliation with Bent Paddle, and has not consented to or authorized any aspect of the "Trail Series" ales.

23.     Bent Paddle has offered for sale, distributed, advertised, and promoted its "Trail Series" beers utilizing a silhouette image of a hiker wearing a backpack and carrying a walking stick or hiking pole.

24.     Bent Paddle's hiker logo was adopted and used with at least constructive knowledge of the Hiker Logo; and, upon information and belief, with acknowledge of the Hiker Logo.

25.     Bent Paddle's hiker logo is virtually indistinguishable from the Hiker Logo used by Long Trail, as shown in the comparison below:

    

6

26.    Bent Paddle has created and distributed tap markers to promote its "Trail Series"
ales on which its imitation of the Hiker Logo is prominently displayed as the principal graphic
design element, as depicted below:



27.    Bent Paddle's DAY PACK and PADDLE BREAK BLONDE ale packaging also
display an imitation of the Hiker Logo, as depicted below:



7

28.     Bent Paddle's DAY PACK and/or PADDLE BREAK BLONDE ale packaging utilize an imitation of LTA Trade Dress, and has copied such elements as: (a) use of a silhouette of a hiker, (b) enclosing the hiker in a circle, (c) use of the color red in connection with a hiker design, (d) use of a topographic map in the background, (e) copy suggesting taking the product on a hiking trail, (f) depiction of a trail scene along the bottom of the package showing a hiker and landscape in a dark, silhouette design, and (g) use of a primary font in a similar large, bold, san-serif format.

29.     Bent Paddle thereby uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Long Trail's registered mark and trade dress without the consent of Long Trail.

30.     Bent Paddle's use of the image of a hiker logo in connection with its ale products is likely to cause confusion and mistake and to deceive consumers.   Bent Paddle's infringement will create the false and misleading impression that Bent Paddle's products are manufactured by Long Trail, or are affiliated, connected, or associated with Long Trail, or have the sponsorship, endorsement or approval of Long Trail, or are part of "The Long Trail Family of Fine Ales."

31.     By the acts complained of in this action, Bent Paddle has infringed Long Trail's Hiker Logo, engaged in unfair and deceptive practices, and deliberately traded on Long Trail's goodwill and reputation, to the irreparable injury and damage of Long Trail.

32.     Long Trail has no adequate remedy at law.

33.     By reason of Bent Paddle's acts herein alleged, Bent Paddle has been unjustly enriched, and Long Trail is entitled to an accounting for all of Bent Paddle's profits derived from infringing sales.

34.     By reason of Bent Paddle's acts herein alleged, Long Trail has suffered and is likely to suffer substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its Hiker Logo, and injury to its relationships with its customers.

## COUNT I (Federal Trademark Infringement)

35.     Long Trail realleges and incorporates herein by reference paragraphs 1 through 34 of this Complaint.

36.     Bent Paddle has used marks confusingly similar to Long Trail's federally registered mark in violation of 15 U.S.C. § 1114, and Bent Paddle's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Long Trail's goodwill and reputation as symbolized by the federally registered Hiker Logo, for which Long Trail has no adequate remedy at law.

37.     Bent Paddle's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Long Trail's federally registered mark, all to Long Trail's great and irreparable injury.

38.     Bent Paddle's use of the image of a hiker in commerce infringes Long Trail's exclusive rights in its federally registered Hiker Logo in connection with beer and ale in violation of 15 U.S.C. § 1114(1).

39.     Bent Paddle has caused and is likely to continue causing substantial injury to the public and to Long Trail, and Long Trail is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

40.     By reason of Bent Paddle's acts herein alleged, Long Trail is entitled to recover

Bent Paddle's profits or such sum as the Court shall find to be just, damages sustained by Long

Trail, and the costs of this action, as well as a sum in excess of Long Trail's actual damages not

exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.


**COUNT II (Federal False Designation of Origin and Unfair Competition)**

41.     Long Trail realleges and incorporates herein by reference paragraphs 1 through 40

of this Complaint.

42.     Bent Paddle's use of the image of its hiker logo in commerce constitutes a false

designation of origin, false description, and false representation that Bent Paddle and its ale

products are sponsored by, authorized by, or affiliated with Long Trail.   Bent Paddle's acts are

calculated and likely to cause confusion or mistake and deceive consumers as to the true origin,

source, sponsorship or affiliation of Bent Paddle's products, in violation of 15 U.S.C. § 1125(a).

43.     Defendant's use of confusingly similar imitations of the Hiker Logo is likely to

cause confusion, deception, and mistake by creating the false and misleading impression that

Defendant's goods are manufactured or distributed by Long Trail, or are affiliated, connected, or

associated with Long Trail, have the sponsorship, endorsement, or approval of Long Trail, or are

part of the group of ales which have been extensively promoted as "The Long Trail Family of Fine

Ales".

44.     Defendant has made false representations, false descriptions, and false designations

of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused

and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception

of members of the trade and public and, additionally, injury to Long Trail's goodwill and

reputation as symbolized by the Hiker Logo, for which Long Trail have no adequate remedy at law.

45.     Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with Hiker Logo, all to the great and irreparable injury of Long Trail.

46.     Bent Paddle has caused and is likely to continue causing substantial injury to the public and to Long Trail, and Long Trail is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

47.     By reason of Bent Paddle's acts herein alleged, Long Trail is entitled to recover Bent Paddle's profits or such sum as the Court shall find to be just, damages sustained by Long Trail, and the costs of this action, as well as a sum in excess of Long Trail's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT III (Federal Dilution)**

48.     Long Trail realleges and incorporates herein by reference paragraphs 1 through 47 of this Complaint.

49.     Long Trail has extensively and continuously promoted and used the registered Hiker Logo to identify and promote both its products and the company itself.

50.     This product and corporate trademark has become a famous and well known symbol of Long Trail and its goods and services.

51.     Bent Paddle is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of Long Trail's Hiker Logo by eroding the public's exclusive identification of this mark with Long Trail, and otherwise lessening the capacity of the mark to identify and distinguish the products and services of Long Trail.

11

52.      Bent Paddle's actions have caused and will continue to cause irreparable injury to Long Trail's goodwill and dilution of the distinctiveness and value of Long Trail's famous Hiker Logo in violation of 15 U.S.C. §1125(c).


**COUNT IV (Common Law Unfair Competition)**

53.      Long Trail realleges and incorporates herein by reference paragraphs 1 through 52 of this Complaint.

54.      Bent Paddle has sold, promoted, and offered for sale its products using the image of a hiker in violation of and with knowledge of Long Trail's rights to the Hiker Logo, for the purpose of trading upon Long Trail's goodwill and reputation and the passing off of Bent Paddle's ale product as that of Long Trail.

55.      Bent Paddle's acts constitute infringement of Long Trail's common law rights and improper and unfair competition.

56.      By reason of Bent Paddle's acts herein alleged, Long Trail is entitled to recover actual and punitive damages.


**COUNT V (Common Law Trademark Infringement)**

57.      Long Trail realleges and incorporates herein by reference paragraphs 1 through 56 of this Complaint.

58.      Bent Paddle's use of the image of a hiker in connection with its ale product constitutes infringement of Long Trail's common law rights in the Hiker Logo, and has created and will continue to create a likelihood of confusion to the irreparable injury of Long Trail unless restrained by this Court.   Plaintiff has no adequate remedy at law for this injury.

59.     On information and belief, Bent Paddle acted with full knowledge of Long Trail's use of and statutory and common law rights to, the Hiker Logo and without regard to the likelihood of confusion of the public created by Bent Paddle's activities.

60.     Bent Paddle's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Long Trail's Hiker Logo to the great and irreparable injury of Long Trail.

61.     By reason of Bent Paddle's acts herein alleged, Long Trail, as a result of Defendant's acts, has been damaged in an amount not as yet determined or ascertainable.   At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Bent Paddle's profits, to damages, and to costs.   Further, in light of the deliberate use of confusingly similar imitations of Long Trail's trademark and trade dress, and the need to deter Bent Paddle from similar conduct in the future, Long Trail additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Long Trail is entitled to and demands:

1.     Bent Paddle and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Bent Paddle, or in concert or participation with Bent Paddle, and each of them, be enjoined preliminarily and permanently, from:

    a.     using the Hiker Logo, or any other copy, reproduction, or colorable imitation or simulation thereof;

    b.     using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Bent Paddle's goods or services

that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, trade dress, service marks, names, or logos of Long Trail;

c.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Bent Paddle's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Long Trail, are sponsored or authorized by Long Trail, or are in any way connected or related to Long Trail;

d.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Bent Paddle's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dress, service marks, names, or logos of Long Trail; and

e.      passing off, palming off, or assisting in passing off or palming off, Bent Paddle's goods or services as those of Long Trail, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2.      Bent Paddle be ordered to recall all products bearing the Hiker Logo or any confusingly similar imitation of this mark or trade dress, which have been shipped by Bent Paddle or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Bent Paddle;

3.      Bent Paddle be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control

14

of Bent Paddle that are found to adopt, to infringe, or to dilute any of Long Trail's trademarks or trade dress or that otherwise unfairly compete with Long Trail and its products and services;

    4.      Bent Paddle be compelled to account to Long Trail for any and all profits derived by Bent Paddle from the sale or distribution of infringing goods as described in this Complaint, including prejudgment interest thereon;

    5.      Long Trail be awarded all damages caused by the acts forming the basis of this Complaint, together with prejudgment interest thereon;

    6.      Based on Bent Paddle's knowing and intentional use of confusingly similar imitations of Long Trail's Hiker Logo, the damages award be trebled and the award of Bent Paddle's profits be enhanced as provided for by 15 U.S.C. § 1117;

    7.      Bent Paddle be required to pay to Long Trail the costs of this action and Long Trail's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

    8.      Based on Bent Paddle's willful and deliberate infringement and dilution of Long Trail's marks and trade dress, and to deter such conduct in the future, Long Trail be awarded punitive damages; and

    9.      Long Trail be awarded other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Long Trail demands trial by jury on all claims and issues triable by jury in this action.

Dated at Hartford, Vermont this 28th day of August, 2014.

Respectfully submitted,
Long Trail Brewing Company,
By its Attorneys,

Hershenson, Carter, Scott and McGee, P.C.
P.O. Box 909
Norwich, Vermont 05055
TEL:   (802) 295-2800
FAX:   (802) 295-3344
EMAIL:      nate@hcsmlaw.com

Of Counsel:
Joseph D. Lewis
Barnes & Thornburg LLP
1717 Pennsylvania Ave NW, Suite 500
Washington, DC 20006
(202) 289-1313

DCDS01 JYL 192179v1